## Wytheville.

## Houston v. Lynchburg Traction and Light Company.

June 8, 1916.

Absent, Cardwell, J.

1. Pleading—*Declaration—Amendment—Inconsistent Case.*—The amendment of the declaration in the case at bar does not make a different case from that stated in the original declaration, but merely amplifies the original upon points as to which the further details therein were to the advantage, and not to the prejudice of the defendant.

2. Carriers—*Injury to Passenger—When the Relation of Passenger Terminates.*—The relation of carrier and passenger does not terminate until after the passenger has alighted from the car, and has had a reasonable opportunity to reach a place of safety.

3. Pleading—*Declaration—Allegation of Negligence.*—While it is not sufficient merely to allege negligence in general terms as a conclusion of law in a declaration, the declaration is sufficient if it alleges such facts as to show that the accident was not one that would have ordinarily have occurred if the defendant had exercised reasonable care.

Error to a judgment of the Circuit Court of the city of Lynchburg, in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The following is a copy of the original declaration referred to in the opinion of the court:

Easter Houston, plaintiff, complains of the Lynchburg Traction and Light Company, a corporation, defendant, of a plea of trespass on the case, for this to-wit: That heretofore, to-wit, on the 17th day of

October, 1914, the said defendant was a common car-
rier of passengers, and operated a certain street rail-
way in the city of Lynchburg, and especially upon
Fifth street and Park avenue, in said city, and was
also the owner of a certain street car, which was run
upon said railway and which moved thereupon by the
means of electricity, and while the said defendant
was such common carrier of passengers as aforesaid,
the said plaintiff, heretofore, to-wit, on the 17th day
of October, 1914, at the special instance and request
of the defendant became and was a passenger in and
upon a certain street car of the said defendant going
west on Fifth street, and as the said car approached
Park avenue and before reaching the same, the said
plaintiff signalled, by ringing the bell, in order that
she might alight from said car at the intersection of
said Fifth street and Park avenue and the said defend-
ant, in response to said signal, stopped the said car
at said intersection, and the said plaintiff who was and
is an unusually large and stout woman, and who was
exercising all due care on her part, was attempting to
alight and had partially alighted from said car, which
is commonly known as a "summer car," and was in
the act of receiving a package, or bundle, which was
being handed to her by another passenger on said car,
when the motorman and conductor and employees of
said defendant in charge of said car carelessly and
negligently started the same forward before the said
plaintiff had gotten clear of said car and before she
had an opportunity to move to a place of safety, and
it being on a curve, the rear portion of said car in
rounding said curve extending into the street on the
outside of the track and struck the said plaintiff a
severe blow, and did knock, push, throw and cause
the said plaintiff to fall upon and against the stone-

paved street, whereby she was greatly bruised and injured on her right arm, hips, back, breast, stomach and legs, and in and about the entire right side of her body whereby she was caused to spit up blood and became and was sick, sore, lame and disordered, and has so remained for a long time, and still so remanis, and whereby also she was forced to expend and did expend large sums of money, to-wit, $50 in and about endeavoring to be cured of her said injuries, and by means of the premises the said plaintiff was kept from attending to her usual duties and suffering great bodily pain and mental anguish. Wherefore the plaintiff says that she is injured and has sustained damages to the amount of one thousand ($1,000) dollars. And therefore she brings this action of trespass on the case.

The following is a copy of the amended declaration:

Easter Houston, plaintiff, complains of the Lynchburg Traction and Light Company, a corporation, defendant, of a plea of trespass on the case, for this, to-wit: That heretofore, to-wit, on the 17th day of October, 1914, the said defendant was a common carrier of passengers, and operated a certain street railway in the city of Lynchburg, and especially upon Fifth street and Park avenue, in said city, and was also the owner of a certain street car which was run upon said railway and which moved thereupon by the means of electricity, and while the said defendant was such common carrier of passengers as aforesaid, the said plaintiff, heretofore, to-wit, on the 17th day of October, 1914, at the special instance and request of the defendant became and was a passenger in and upon a certain street car of the said defendant going west on Fifth street, and as the said car approached Park

avenue and before reaching the same, the said plaintiff signalled, by ringing the bell, in order that she might alight from said car at the intersection of said Fifth street and Park avenue, and the said defendant in response to said signal stopped the said car at said intersection and the said plaintiff who was and is an unusually large and stout woman, and who was exercising all due care on her part, was attempting to alight and had partially but not entirely alighted from said car, not having released her hold on the handhold or handle of said car, which was commonly known as a "summer car," and was in the act of receiving a package, or bundle, which was being handed to her by another passenger on said car, when the motorman and conductor and employees of said defendant in charge of said car carelessly and negligently started the same forward before the said plaintiff had gotten clear of said car and before she had reasonable time or opportunity to completely alight and move to a place of safety, and it being on a curve, the rear portion of said car in rounding said curve extended into the street on the outside of the track and struck the said plaintiff a severe blow, and did knock, push, throw and cause the said plaintiff to fall upon and against the stone-paved street, whereby she was greatly bruised and injured in her right arm, hips, back, breast, stomach and legs, and in and about the entire right side of her body, whereby she was caused to spit up blood and became and was sick, sore, lame and disordered and has so remained for a long time, and still so remains, and whereby also she was forced to expend and did expend large sums of money, to-wit, $50 in and about endeavoring to be cured of her said injuries and by means of the premises the said plaintiff was kept from attending to her

usual duties and suffered great bodily pain and mental anguish. Wherefore the plaintiff says that she is injured and has sustained damages to the amount of one thousand ($1,000) dollars. And therefore she brings this action of trespass on the case.

Halsey,

O'Brien,

p. q.

*Thomas J. O'Brien* and *Don P. Halsey*, for the plaintiff in error.

*Coleman, Easeley & Coleman*, for the defendant in error.

Kelly, J., delivered the opinion of the court.

This case is here upon a writ of error to a judgment of the Circuit Court of the city of Lynchburg, sustaining a demurrer to the plaintiff's declaration.

The decision really turns upon the action of the court upon a demurrer to an amended declaration, and the point is made, among others, on behalf of the defendant, that the amended declaration is so materially different from the original as to place the plaintiff in the position of assuming inconsistent positions in the same case. We think there is no merit whatever in this contention, as there is no material difference between the original and the amended declaration; the amendment being merely an amplification of the original upon points as to which the fuller details given therein were to the advantage and not to the prejudice of the defendant.

In brief, the allegations of the declaration are, that the plaintiff, Easter Houston, being a passenger on a

street car of the defendant company, a common car-
rier of passengers, gave a signal by ringing the bell,
indicating her desire to get off of the car at the inter-
section of two certain streets; that in response to said
signal the defendant stopped the car at the said inter-
section, "and the said plaintiff, who was and is an
unusually large and stout woman, and who was exer-
cising all due care on her part, was attempting to
alight and had partially alighted from said car, which
is commonly known as a 'summer car,' and was in the
act of receiving a package, or bundle, which was being
handed to her by another passenger on said car, when
the motorman and conductor and employees of said
defendant in charge of said car carelessly and negli-
gently started the same forward before the said plain-
tiff had gotten clear of said car and before she had an
opportunity to move to a place of safety, and it being
on a curve, the rear portion of said car in rounding said
curve extending into the street on the outside of the
track and struck the said plaintiff a severe blow, and
did knock, push, throw and cause the plaintiff to fall
upon and against the stone-paved street, whereby she
was greatly bruised and injured," etc., etc.

We are of opinion that this declaration is entirely
sufficient. It shows the relationship of passenger and
carrier between the plaintiff and defendant extending
up to the moment of the accident, and sets forth the
negligence of the defendant company with all the
particularity that could be required under the strictest
rules of pleading applicable to this class of cases.

It is well settled that the relation of carrier and pas-
senger does not terminate until after the passenger
has alighted from the car and has had reasonable
opportunity to reach a place of safety; and it is equally
well settled that while it is not sufficient merely to allege

negligence in general terms as a conclusion of law, it suffices if such facts are alleged as to show that the accident was not one that would ordinarily have occurred if the defendant had exercised reasonable care. These propositions are so abundantly supported by authorities that we do not deem it necessary to do more than refer to a few of them. See 6 Cyc. 626-7; *N. & W. Ry. Co.* v. *Rhodes*, 109 Va. 176, 178, 63 S. E. 445; 4 Elliott on Railroads, sec. 1644; *Melton* v. *Birmingham Ry. Light & Power Co.*, 153 Ala. 95, 45 South. 151, 16 L. R. A. (N. S.) 467; *Atlanta Consol. St. Ry. Co.* v. *Bates*, 103 Ga. 333, 30 S. E. 41, 4 Am. Neg. Rep. 151; *Richmond Traction Co.* v. *Williams*, 102 Va. 253, 46 S. E. 292; 3 Thompson on Neg., sec. 3521.

It follows that the judgment complained of must be reversed and the cause remanded to the circuit court for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*