𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

TUCKER SANATORIUM, INC., V. HENRY COHEN.

March 17, 1921.

1. NEGLIGENCE—*Declaration—Sufficiency—Prior to Section* 6118, *Code of* 1919.—The rule established in Virginia by the decisions prior to the going into effect of section 6118 of the Code of 1919, required two things as essential to the validity of a declaration in a negligence case in the allegations of the imputed negligent acts of commission or of omission, namely: (1) That it should contain sufficient allegations of material facts to substantially (but not necessarily completely) inform the defendant of the nature and character of the demand against him, so that he may know how to prepare his defense; and (2) that it should state such facts as would enable the court to say, if they are proved substantially as alleged, whether they establish a good cause of action.

2. PLEADING—*Declaration—Sufficiency—Allegation of Negligence— Failure to Require Particulars.*—Upon the question whether a declaration sufficiently informed defendant of the nature and character of the demand against him, it is a pertinent fact that defendant did not ask for a statement by the plaintiff of the particulars of his claim, as the statute entitled him to do, if the declaration was deficient in its allegations in this respect.

3. HOSPITALS AND ASYLUMS—*Allegation of Negligence of Hospital —Sufficiency of Declaration—Section* 6118, *Code of* 1919— *Case at Bar.*—In the instant case, an action against a hospital for negligence in the application or failure to remove hot water bags from the back of a patient, by reason of which he was seriously burned, the declaration sufficiently informed the hospital of the nature and character of the demand against it, stated such facts as would have enabled the court to say, if the facts were proved as alleged, that they established a good cause of action, and alleged such facts as to show that the accident was not one that would ordinarily have occurred if the hospital had used reasonable care.

*Held:* That the declaration was good on demurrer under the rule prevailing before section 6118 of the Code of 1919 went into

effect, and therefore it was unnecessary for the Supreme Court of Appeals to construe that provision.

4. HOSPITALS AND ASYLUMS—*Negligence of Hospital—Case at Bar.* —In the instant case, an action by a patient against a hospital for negligence, the testimony, while conflicting, was ample to warrant the jury in concluding that a hot water bag was negligently placed at the back of the plaintiff by the attending nurse, a servant of the hospital, when the physician had not directed any hot water bag to be applied to the back of the patient, and while the plaintiff was in a semi-conscious condition, due to the high fever accompanying pneumonia, with the water in the bag excessively hot, which could not have occurred if the heat of the bag had been tested by the nurse, as the uncontroverted testimony in the case showed was customary and usual; and such excessively hot bag was allowed by the nurse to remain against the back of the plaintiff until it burned the back of the plaintiff seriously, practically to the extent alleged in the declaration.

*Held:* Sufficient to sustain a verdict for plaintiff.

5. APPEAL AND ERROR.—*New Trial—Conflicting Evidence.*—A finding of a jury upon conflicting evidence involving the question of the veracity and credibility of the respective witnesses for the plaintiff and defendant is conclusive upon both the trial and appellate courts.

6. HOSPITALS AND ASYLUMS—*Action Against Hospital for Negligence—Sufficiency of Evidence.*—In an action against a hospital by a patient for injuries occasioned by burns received from the application of a hot water bag, the evidence was held sufficient to sustain the conclusion that plaintiff's loss and suffering was the natural result of the burn received, and was not due to infection occurring from lack of care with respect to the burn in an operation performed by a physician prior to plaintiff's leaving the hospital, or to re-infection after plaintiff left the hospital.

7. HOSPITALS AND ASYLUMS—*Instructions—Misleading Instructions.* —Where plaintiff was seeking to hold defendant hospital liable for burns sustained by the negligent application of a hot water bag, the giving of an instruction predicated on the assumption that plaintiff was seeking to hold the hospital liable for negligence in failing to take proper precautions to protect the injured or burned place on plaintiff's back would have mislead the jury, by diverting their attention to an issue not in the case.

8. HOSPITALS AND ASYLUMS—*Action for Negligence Against—Instructions.*—In an action against a hospital for burns from the

73

negligent application of a hot water bag, defendant asked that
the jury be instructed that "if the present condition of the
plaintiff's back and the loss and suffering of which he com-
plains is due to infection occurring from the operation per-
formed by" plaintiff's doctor, defendant could not be held lia-
ble. The court modified this instruction by inserting after
the word "complains" the words "is not the natural result of
the burn received but."

*Held:* No error.

9. Hospitals and Asylums.—*Action for Negligence—Damages—
Mitigation of Damages.*—In an action by a patient against a
hospital for negligent burns, the question of the good faith
of plaintiff in not undergoing a surgical operation before the
trial, or his lack of good faith in that particular, and whether
he more probably would or would not have been cured by the
time of the trial if he had undergone the operation, were all
peculiarly questions for the jury.

10. Appeal and Error—*Conflicting Evidence.*—The conclusion of
the jury upon a conflict of evidence, sufficient to sustain a
verdict either way, will not be disturbed on appeal.

Error to a judgment of the Hustings Court, Part II, of
the city of Richmond, in an action of trespass on the case.
Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This is an action instituted by the defendant in error,
Cohen, for damages alleged to have been occasioned, while
he was an inmate of a hospital conducted by the plaintiff
in error, by the negligent application or failure to remove
hot water bags from the back of Cohen, as the result of
which negligence he received, as alleged, a serious burn on
the back.

The respective parties will be hereinafter referred to as
plaintiff and hospital.

There was a demurrer to the declaration which was over-
ruled by the trial court.

The declaration contains two counts. After stating the
facts concerning the receiving of the plaintiff by the hospi-
tal as an inmate, as a patient, for care and treatment, for

a certain reward paid in that behalf to the hospital, from which relationship of the parties the duty of the hospital arose (about the extent of which there is no question raised in the case), to-wit, the duty to use ordinary or reasonable care under the circumstances to provide proper care and treatment for the plaintiff while said relationship existed, the first count contains the following allegations, the sufficiency of which is challenged by the demurrer, namely:

"* * the said defendant * * did not use due, proper and ordinary care to provide proper care and treatment for the said plaintiff, but on the contrary the said defendant and its duly authorized servants so negligently and carelessly behaved and conducted themselves in that respect that afterwards and whilst the said plaintiff so abided in the said hospital, as aforesaid, to-wit, on the 10th day of December, 1918, the said defendant's duly authorized servants did negligently and carelessly apply hot water bags to the back of the said plaintiff, whereby the said plaintiff's back was cruelly burned and scalded, to a great extent, to-wit, about nine inches by four inches, and to a great depth, to-wit, one-half inch," etc.

The second count contains practically the same allegations as those of the first count, except that the negligence alleged is stated to have consisted in this, to-wit, that "the said defendant and its duly authorized servants negligently suffered, permitted and allowed hot water bags to be carelessly and negligently applied to the back of said plaintiff, whereby the said plaintiff's back was cruelly burned and scalded to a great entent," etc., setting forth the same extent as is alleged in the first count, etc.

There was a trial by jury, which resulted in a verdict in favor of the plaintiff for $2,000.

The hospital moved the court to set aside the verdict on the grounds that it was contrary to the law and the evidence and without evidence to support it, that the court

misdirected the jury, erred in refusing to give and also in changing instructions asked for by the hospital, and because the damages assessed by the jury were excessive. This motion the court overruled and entered judgment for the plaintiff in accordance with the verdict, and the hospital appeals.

After the evidence, both for the plaintiff and the hospital was all in, the hospital moved the trial court to instruct the jury as follows:

(1) "That the defendant cannot be held liable in this case for any act, neglect or failure to take proper precautions to protect the injured or burned place on the plaintiff's back after discovery thereof and before the operation by Dr. Henson, nor afterwards, whether such act, neglect or failure was due to the nurse, Miss Wright, Dr. Vanderhoof, Dr. Henson, or some nurse employed by the defendant."

(2) "That under the case made by the declaration and evidence here, the question for them to consider is whether a bag or bottle of hot water was negligently placed under the back of the plaintiff at the time mentioned in the declaration by some nurse employed by the defendant and placed in charge of the plaintiff, and that from a burn so received he suffered the loss and suffering of which he now complains.

"That it is incumbent upon the plaintiff to prove by affirmative evidence and by a preponderance of all the evidence in the case:

"(1) That one of the nurses employed by the defendant placed a bag or bottle of hot water under the back of the defendant at the time mentioned; and

"(2) That when it was so placed, the said nurse knew, or by the exercise of ordinary care should have known that it was so hot as to have caused the injury complained of.

"If the plaintiff has failed in either of the respects above mentioned, then they must find for the defendant.

(3) "That if the present condition of the plaintiff's back and the loss and suffering of which he complains is

due to infection occurring from the operation performed by Dr. Henson prior to the plaintiff's leaving the hospital of the defendant, or to re-infection after he left said hospital, the defendant cannot be held liable in this case.

(4) "That if they believe from the evidence that the plaintiff's back was at the time mentioned in the declaration, December 10, 1918, burned by a bag or bottle of hot water placed there by the plaintiff's wife, they must find for the defendant; and they must also find for the defendant if from the whole evidence before them it is just as probable that the said bag or bottle was placed by the plaintiff's wife as by one of the nurses of the defendant."

But the court refused to give said instructions as offered, and instructed the jury as follows:

(1)  "That if the defendant accepted the plaintiff, Cohen, as a patient, and undertook to give him such care, nursing and attention as was reasonably necessary in view of his known condition, and negligently failed to keep and perform its undertakings, then in that case the defendant is liable for any injury which naturally resulted to the plaintiff from such failure.

(2)  "That if they believe from the evidence in this case that the plaintiff entrusted himself to the defendant's hospital for treatment, that then the plaintiff, while under the care of the defendant, had a right to expect of the defendant and its employees in charge of the institution ordinary care and skill in nursing and treatment, such as his case required and such degree of ordinary care and diligence should be in proportion to the physical or mental ailments of the patient; and if they further believe from the evidence in the case that said hospital, its servants or employees did not exercise such ordinary care and diligence as was required by the condition of the plaintiff's health, and either negligently applied or permitted to be applied to his person a hot water bag which resulted in injury to him, that they must find for the plaintiff.

(3)   "That if they believe from the evidence in this case and the instructions as to the law that the plaintiff is entitled to recover damages, then in estimating the same they may take into consideration the amount of money spent for medicine and nursing and medical bills, and what the evidence shows he may have to expend in being cured; also fair compensation for loss of time he sustained by reason of the said injury; also the impairing of his earning capacity, if any; also the bodily injuries sustained, including his mental and physical suffering and the effect on his health, and the probable duration of the injury, whether the same is likely to be temporary or permanent. Not to exceed the sum sued for, to-wit, Ten Thousand Dollars.

(4)   "That under the case made by the declaration in evidence here, the question for them to consider is whether a bag or bottle of hot water was negligently placed, or permitted to be placed, under the back of the plaintiff at the time mentioned in the declaration by some nurse employed by the defendant and placed in charge of the plaintiff, and that from a burn so received he suffered the loss and suffering of which he now complains.

"That it is incumbent upon the plaintiff to prove by affirmative evidence and by a preponderance of all the evidence in the case:

"(1)   That one of the nurses employed by the defendant negligently placed, or permitted to be placed, a bag or bottle of hot water under the back of the defendant at the time mentioned; and

"(2)   That when it was so placed, or permitted to be placed, the said nurse knew, or by the exercise of ordinary care should have known, that it was so hot as to have caused the injury complained of.

"If the plaintiff has failed in either of the respects above mentioned, then they must find for the defendant."

(5)   "That if the present condition of the plaintiff's back and the loss and suffering of which he complains *is*

*not the natural result of the burn received, but* is due to infection occurring from the lack of care with respect to said burn in the operation performed by Dr. Henson prior to the plaintiff's leaving the hospital of the defendant, or to reinfection after he left said hospital, the defendant cannot be held liable in this case.    (Italics supplied.)

(6)    "That if they believe from the evidence that the plaintiff's back was at the time mentioned in the declaration, December 10, 1918, burned by a bag or bottle of hot water placed there by the plaintiff's wife, without the knowledge or consent of the defendant, they must find for the defendant; and they must also find for the defendant if from the whole evidence before them, it is just as probable that the said bag or bottle was placed by the plaintiff's wife as by one of the nurses of the defendant."

Further reference is made in the opinion of the court to the issues and to the evidence in the case.

*Scott & Buchanan,* for the plaintiff in error.

*J. R. Lenahan* and *D. C. O'Flaherty,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The questions presented for our decision by the assignments of error will be disposed of in their order as stated below.

[1]    Does the declaration set out sufficient facts alleged concerning the negligent acts of commission and of omission of the hospital, in order to render the declaration valid under the rule on the subject established in this State by the decisions prior to the going into effect of section 6118 of the Code of 1919, beginning with the *Hortenstein Case,* 102 Va. 914, 47 S. E. 996?

This question must be answered in the affirmative.

The rule referred to requires two things as essential to the validity of a declaration in a negligence case in the allegations of the imputed negligent acts of commission or of omission, namely: (1) That it should contain sufficient allegations of material facts to substantially (but not necessarily completely) inform the defendant of the nature and character of the demand against him, so that he may know how to prepare his defense; and (2) that it should state such facts as would enable the court to say, if they are proved substantially as alleged, whether they establish a good cause of action.

The cases of *Lynchburg Traction Co.* v. *Guill,* 107 Va. 94-5, 57 S. E. 644; *Newport News, etc. Co.* v. *Nicolopoolos,* 109 Va. 168, 63 S. E. 443; and *Hunter* v. *Burroughs,* 123 Va. 128-9, 96 S. E. 360, are cited and relied on for the hospital as sustaining the position that the declaration in the case in judgment does not contain the essential allegations of fact required by the rule of the Virginia decisions aforesaid.

[2, 3]  Touching the consideration of whether the declaration is sufficient in the essential particular (1), above mentioned, we think it a pertinent fact that the hospital did not ask for a statement by the plaintiff of the particulars of his claim, as the statute entitles a defendant to ask, if the declaration of a plaintiff is deficient in its allegations of the particulars of the claim.  As a matter of fact, the declaration in the instant case seems to have efficiently performed the office of informing the hospital of the nature and character of the demand against it, so that it knew how to prepare its defense.  At least, we find nothing in the record to indicate the contrary.

And looking merely to the declaration, in our view of it, it is valid under the rule above referred to.  As is said in the opinion of this court in *Houston* v. *Lynchburg T. & L. Co.,* 119 Va. 136, 89 S. E. 114, delivered by Judge Kelly:

"And it is * * * well settled that while it is not sufficient merely to allege negligence in general terms as a conclusion of law, it suffices if such facts are alleged as to show that the accident was not one that would ordinarily have occurred if the defendant had exercised reasonable care."

The first count of the declaration alleges the situation and circumstances surrounding the plaintiff from which the duty of the hospital arose, the breach of which is alleged as giving rise to the cause of action; and with respect to the conduct of the hospital which is relied on as constituting such breach of duty, this count of the declaration alleges that the injury was caused by the conduct of the servants of the hospital in the application of the hot water bags to the back of the plaintiff, stating the nature and extent of the injury, and alleging that such conduct of such servants, with such result, constituted actionable negligence for which the hospital is liable in damages to the plaintiff. The second count is substantially the same in its allegations, except that the conduct of the hospital alleged as constituting the breach of its duty is the allowing, i. e., the omission to prevent, the application of the hot water bags to the back of the plaintiff by the servants of the hospital.

We think that both counts of the declaration allege such facts as to show that the accident was not one that would ordinarily have occurred if the hospital (or what is the same thing, its servants having care of the plaintiff) had exercised reasonable care. It seems plain to us that a burn of such character and extent, under such circumstances, would not have occurred unless the person having the care of the patient had been guilty of negligence in the matter of the application or removal of the hot water bag or bags which caused the burn. The declaration notified the hospital that the demand of the plaintiff was based on the charge that the conduct of the servants of the hospital, who had the care of the plaintiff, was in the matter in question neg-

ligent, and constituted actionable negligence for the result of which the hospital was liable in damages to the plaintiff. Hence, the declaration was sufficient to inform the hospital of the nature and character of the demand against it, and stated such facts as would have enabled the court to say, if the facts were proved as alleged, that they established a good cause of action. This is not a case in which the nature of the injury alleged is such that ordinarily its cause would be obscure, or where the allegations of the declaration left that matter in any doubt. The declaration is explicit on that subject. The facts as alleged made a *prima facie* case against the hospital. If the hospital did in fact exercise reasonable care and such accident occurred notwithstanding, the circumstances must have been very different from those alleged in the declaration, or there must have been other explanatory circumstances which do not appear from the allegations of the declaration, all of which were matters of defense, and doubtless could and should have been shown in evidence by the hospital at the trial, if they existed. So far as the declaration is concerned, it was, therefore, good on demurrer.

Such being our conclusion, it is unnecessary for us to construe the new provisions of the statute referred to in the question above stated. (Code 1919, sec. 6118), and we, therefore, express no opinion on that subject at this time.

[4]    2. Was there evidence before the jury sufficient to sustain the verdict upon the issue of whether the hospital was guilty of the negligent acts of commission or omission alleged in the declaration?

This question must be answered in the affirmative.

Of the evidence we deem it sufficient to say that, while conflicting on the subject under consideration, there was ample testimony to warrant the jury in concluding that a hot water bag was negligently placed at the back of the plaintiff, by the attending nurse, a servant of the hospital,

when the physician had not directed any hot water bag to be applied to the back of the patient, and while the plaintiff was in a semi-conscious condition due to a high fever accompanying pneumonia, with the water in the bag excessively hot, which could not have occurred if the heat of the bag had been tested by the nurse, as the uncontroverted testimony in the case showed was customary and usual; and such excessively hot bag was allowed by the nurse to remain against the back of the plaintiff until it burned the back of the plaintiff seriously, practically to the extent alleged in the declaration.

[5]    This proof undoubtedly made a *prima facie* case of actionable negligence against the hospital upon the issue of whether the hospital was guilty of the negligent acts of commission and omission alleged in the declaration. *Houston* v. *Lynchburg T. & L. Co., supra* (119 Va. 136, 89 S. E. 114). See also as a similar case to that in judgment, *Williams* v. *Pomona Valley Hospital Association*, 21 Cal. App. 359, 131 Pac. 888. To rebut this *prima facie* case, the sole defense of the hospital upon this issue was that the nurse aforesaid did not place the hot water bag at the back of the plaintiff and did not know it was there until the plaintiff complained of its burning him, but that the wife of the plaintiff filled and placed the hot water bag at his back when the nurse was not present. There was direct testimony for the hospital to sustain this defense, but there was also the direct testimony of the wife that she did no such thing. This conflict involved the question of the veracity and credibility of the respective witnesses for the plaintiff and the hospital. The verdict of the jury resolved this question in favor of the plaintiff, and this finding upon such an issue was conclusive upon the trial court, and is also conclusive upon us.

[6]    3.    Was there sufficient evidence before the jury to sustain the conclusion, which is envolved in the verdict, that

the condition of the plaintiff's back and the loss and suffering of which he complained at the time of the trial was the natural result of the burn received and was not due to infection occurring from lack of care with respect to said burn in an operation performed by Dr. Henson prior to the plaintiff's leaving the hospital, or to reinfection after plaintiff left the hospital?

This question must be answered in the affirmative.

The matters in question now under consideration involve the issues of whether the plaintiff, or Dr. Henson, who was employed by the plaintiff, or others who were employed by the plaintiff, were guilty of a lack of ordinary or reasonable care in the treatment of the burn after it occurred, and of whether, if there was such lack of care, it was *the whole cause* of the condition of plaintiff's back and suffering aforesaid.

We deem it sufficient to say on this subject that the lack of care in question does not affirmatively appear from the evidence for the plaintiff. The most that could be said is that the evidence for the plaintiff does not exclude the possibility that such lack of care might have existed. There is, however, in the evidence for the plaintiff and for the hospital, testimony to the effect that, after the wound from the burn had on two occasions entirely healed, the tissues subsequently broke down and ulcerated, which warranted the jury in inferring that the breaking down of the tissues at other times and the condition of the back of the plaintiff and his loss and suffering aforesaid were due to the recurring breaking down of the tissues caused by the lasting effects of the burn, and not to any infection from lack of care in its treatment at any time. And with respect to the testimony for the hospital on this subject this is true: It introduced two physicians, who are distinguished experts, and neither of them testified to the opinion, nor was there any testimony for the hospital tending to show the affirma-

tive fact, that the condition of the back of the plaintiff and his loss and suffering aforesaid were in any degree due to lack of care in the treatment of the burn having caused infection. And while the testimony of the two expert physicians, who were witnesses for the plaintiff, is to the effect that they would not say that the breaking down of the tissues on one occasion may not have been due to infection, this is not inconsistent with the inference which the jury were warranted in drawing, as we think, as aforesaid, that the breaking down was not due to infection at any time.

[7]    4. Was there error in the action of the trial court with respect to the instructions?

This question must be answered in the negative.

(a). The hospital complains of the refusal of the trial court to give instruction No. 1 asked by the hospital, which is copied in the statement preceding this opinion.

This instruction as asked was predicated on the assumption that the plaintiff was seeking to hold the hospital liable for some negligence of the physician or nurses mentioned in failing to take proper precautions to protect the injured or burned place on the plaintiff's back. This assumption is negatived by the plaintiff's declaration and it would have misled the jury to give them such an instruction, by diverting attention to an issue not in the case.

[8]    (b). The hospital complains of the refusal of its instruction No. 3 as asked, and the giving of it as modified in instruction No. 5 as given, by the insertion by the court of the words italicized in the instruction as copied in the statement preceding this opinion. This modification of the instruction was plainly proper and we find no merit in this complaint.

(c).    The hospital complains of instruction No. 1, as given on motion of the plaintiff, as being "a general abstract statement of certain duties of the defendant, with no reference whatever to the cause of action set out in the decla-

ration or the evidence in support thereof; and complains of instruction No. 2 as given, also on motion of the plaintiff, as containing "a more extended statement of the same character," and because it "then instructed the jury that if they believed from the evidence that the defendant failed in those duties and either negligently applied, or permitted to be applied, the hot water bag to the plaintiff, they must find a verdict for him." The basis for these complaints, as set out in the petition, is the position taken for the hospital that "there was * * * neither a charge in the declaration, nor any evidence which tended to show in the most remote degree that there was any lack of 'ordinary care and skill in nursing and treatment' of the plaintiff by the defendant, nor any lack of care 'such as his case required,' a degree of care which 'should be in proportion to the physical and mental ailments of the patient,' " As appears from our conclusions above expressed, we do not consider the position mentioned as tenable, and, hence, we are of opinion that there is no merit in either of the complaints under consideration.

The sole remaining question for our consideration is the following:

5.   Did the court below err in not setting aside the verdict on the ground that it was excessive?

This question must be answered in the negative.

The position of the hospital on this subject as set forth in the petition, is, in substance and as presently quoted in part, that the evidence shows that the plaintiff was, (a) guilty of lack of ordinary care in having his wound treated, and (b) that the Johns-Hopkins expert witnesses for plaintiff, who examined him in October, 1919, shortly previous to the trial in the lower court (which took place in January, 1920), testified that the wound on plaintiff's back "should then, with proper treatment, have been healed in the course of a week at a cost of $100.00 and hospital fees," and "that

the plaintiff was careful not to pursue this treatment. He evidently preferred to wait so that he could show to the jury his burn aggravated by some cause for which the defendant was not responsible and thus enhance the damages which he expected to recover."

With respect to the position (a), just mentioned, we find no merit in it for the reasons given in connection with question 3 above considered.

[9, 10] With respect to the position (b), just mentioned, we think it is also without merit. The Johns-Hopkins expert witnesses for plaintiff testified that in October, 1919, the wound in question did not show "any tendency to heal at all;" that a surgical operation was necessary, and was indicated as the only method of cure, but that cure by that method was not certain; that if that method was pursued the wound "might heal up in the course of a month, or it may not heal up at all," as stated by one of such witnesses, Dr. Lord. The most that can be said in favor of the position of the hospital under consideration is that there was evidence in the case tending to support it. But there was also evidence in the case for the plaintiff to the contrary. The good faith of the plaintiff in not undergoing the surgical operation before the trial, or his lack of good faith in that particular; and whether he more probably would or would not have been cured by the time of the trial if he had undergone the operation, were all peculiarly questions for the jury, and their conclusion, upon a conflict of evidence, sufficient to sustain a verdict either way, will not be disturbed on appeal.

The case will be affirmed.

*Affirmed.*