**Virginia M. PEPPER, also known as Mrs. Olan L. Sorrells, Appellant,**

**v.**

**J. C. CHATEL, Appellee.**

No. 3056.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 17, 1962.

Decided Nov. 13, 1962.

J. Benjamin Simmons, Washington, D. C., for appellant.

E. David Harrison, Washington, D. C., with whom Joseph V. Gartlan, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

This appeal is from a judgment in favor of appellee real estate broker in an action brought by him to recover a commission.

Appellant had inherited certain property prior to her marriage which she listed with the broker under her maiden name. The following day the broker produced a buyer ready, willing and financially able to purchase the property on the terms agreed upon, and a contract was immediately executed by appellant under her maiden name. At settlement, however, appellant's husband refused to join in the conveyance and the sale was not consummated.

Appellant testified that at the time of signing she was unaware of the necessity of having her husband join in the conveyance, and that the broker failed to so advise her, although he knew at the time that she was married. The broker testified that he did not learn of her marriage until after the contract was executed.

■ We must decide whether the broker is entitled to his commission when appellant was unable to convey good title due to the refusal of her husband to join in the conveyance. It is well established that a broker is entitled to his commission when, in good faith, he procures a buyer ready, willing and financially able to purchase the property on the terms agreed upon. In essence appellant contends that the broker did not act in good faith; that he knew she was married; that he should have advised her of the necessity of having her husband join in the conveyance; and that he should not be permitted to recover his commission because he had knowledge of a defect in her title which subsequently prevented the consummation of the sale.

■ There is widespread acceptance of the rule that knowledge of the fact that the principal does not have the sole interest in the property will not defeat the right of the broker to his commission when the principal is unable to convey good title due to the refusal of his *wife* to join in the conveyance.[1] Any other rule would permit property owners who have changed their minds to escape contractual obligations. But many of the cases which permit the broker to recover when the husband is unable to persuade his wife to join in the conveyance are based on the right of the broker to assume that the husband has authority to conduct the family business.[2] Others have noted the common practice of engaging a broker to sell property which the principal will acquire before a conveyance is required by the contract.[3] It must be assumed in those cases that the principal knew of the need to perfect his title. In the case before us appellant testified that she was unaware of the necessity of having her husband join in the conveyance. Nevertheless, we are of the opinion that the evidence supports the conclusion that the broker is entitled to his commission. It is clear from the finding that the court believed the broker did not learn appellant was married until after the contract was executed, and that he acted in good faith when he procured a purchaser acceptable to appellant. Perhaps the result would be different if the broker had known not only that appellant was married but also that her husband was unwilling to join in the conveyance.[4] A broker should not be permitted to impose upon his principal an expense he knows to be useless.[5] But appellant did not even attempt to establish that the broker possessed such knowledge.

■ Nor do the circumstances in this case support appellant's contention that the broker should have ascertained her marital status and advised her of the necessity of persuading her husband to join in the con-

1. See Roy v. Huard, 157 Me. 477, 174 A. 2d 41 (1961); Weltman's, Inc. v. Friedman, 102 F.Supp. 485 (D.C., 1952); see generally Annot., 169 A.L.R. 605; Annot., 156 A.L.R. 1398.

2. See Campbell v. Arthur H. Campbell & Co., 155 Tenn. 515, 296 S.W. 9 (1927).

3. See Price v. Francis, 184 Va. 484, 35 S.E.2d 823 (1945); Martin v. Ede, 103 Cal. 157, 37 P. 199 (1894). See also Weltman's, Inc. v. Friedman, supra n. 1.

4. Cf. Roy v. Huard, supra n. 1.

5. See Hurt v. Sands Co., 236 Ky. 729, 33 S.W.2d 653 (1930).

veyance. Title to the property was recorded in appellant's maiden name as the surviving joint tenant of her mother. Furthermore, both the listing and the contract for the sale of the property were executed by appellant in her maiden name.

The remaining assignment of error is without merit.

Affirmed.