[Civ. No. 1264.   Second Appellate District.—February 28, 1913.]

## C. A. C. WILLIAMS, Appellant, v. THE POMONA VALLEY HOSPITAL ASSOCIATION (a Corporation), Respondent.

NEGLIGENCE—LIABILITY OF HOSPITAL FOR CARELESSNESS OF NURSE IN APPLYING HOT-WATER BOTTLES.—It is the duty of a nurse, who applies hot water bottles to an unconscious patient, to observe their effect upon him as much as it is to test the temperature of the water in the first instance. The duty of the nurse is continuous,

and an instruction in an action by the patient against the hospital for injuries from being burned by such bottles, which directs the jury to ignore all want of attention and observation on the part of the nurse after she has applied the bottles, is ground for a reversal of a judgment for the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

H. A. Barclay, for Appellant.

Edwin A. Meserve, and Paul H. McPherrin, for Respondent.

ALLEN, P. J.—This action was one to recover on account of personal injuries occasioned by reason of alleged negligence on defendant's part. The complaint alleges plaintiff's entrance as a patient in defendant's hospital; that while in said hospital and unconscious, a servant of defendant placed hot-water bags on or about plaintiff's feet in such a careless and negligent manner that plaintiff's feet were badly burned and scalded, from which he suffered damages. The answer admits the allegations of the complaint, other than the averment of negligence, the extent of the injuries claimed, and the expenditure the basis of special damages. The case was heard by a jury and resulted in a verdict for defendant and judgment accordingly, from which judgment, and an order denying a new trial, plaintiff appeals.

The errors assigned by appellant are numerous; the principal one, and the error which, to our minds, is most prominent, arises from the action of the court in giving the following instructions:

"XX. Plaintiff has confined his allegations of negligence and carelessness to the manner of the placing of the hot-water bag on or about plaintiff's feet, and in order to find for the plaintiff, it must have been shown to you by a preponderance of the evidence in this case: First, that the hot-water bottle was placed on or about plaintiff's feet in a careless and negligent manner; and, second, that the burns resulted from, and

were the direct and proximate result of the manner of the placing of the hot-water bag or bottle."

"XXI.   Plaintiff, in his complaint, has not charged that any employee of the defendant was negligent or careless in placing at his feet a hot-water bag that was too hot or that would cause burns by reason of being too hot. The allegations of the complaint on which plaintiff must recover, if at all, being that the employees of defendant were negligent and careless in the manner of placing of the hot-water bag on or about plaintiff's feet. If, therefore, you find from the evidence in this case that the hot-water bottle in question was not placed at plaintiff's feet in a careless or negligent manner, you must find for the defendant and render a verdict in favor of the defendant in this case."

The court gave the further instruction: "The fact that plaintiff's feet were burned, is not a fact or circumstance to be taken into consideration by you in determining the question of whether or not Miss Melone was guilty of negligence in applying the hot-water bottle to plaintiff's feet. The burning of plaintiff's feet was a subsequent event. In other words, you are to determine the question of whether or not she was negligent, by the circumstances as they existed at the time she applied the hot-water bottle, and not by what afterward happened."

These and other instructions tending in the same direction could have had no other effect than to have instructed the jury that when the nurse applied the hot-water bottle to the feet of plaintiff, exercising ordinary care in the manner in which the same was placed, she was absolved from all further care or attention in relation to the patient as regards the effect produced by the application of the hot-water bottle. We are of the opinion that the court gave too restricted a construction of the averments of the complaint. The word "manner," in the connection under consideration, means the way of doing anything. The use of the term "manner" in the complaint should be taken to comprehend the way the act was performed, having in view the condition of the patient and the character of the remedies applied. To place a hot-water bottle of such high temperature upon the feet of an unconscious man as would burn or scald the feet cannot be said to be a proper way of doing such a thing; and a pleading

which refers to the manner as having produced the injury should, under section 452 of the Code of Civil Procedure, be given such a liberal construction as would work substantial justice between the parties. To give it the construction adopted by the trial court, that the subsequent effect of the application in producing burns and scalds was not to be considered, eliminated, in our opinion, from the consideration of the jury one of the vital and principal questions presented. The duty of a nurse, and assuming that a nurse must only exercise the ordinary care which a trained and skilled nurse would be required to use, is a continuous duty. Dealing as she was with an unconscious patient, unable to care for himsef, it was her duty to observe the effect upon the patient of the application of the remedy as much as it was to test its temperature in the first instance. The powers of resistance, the condition of the patient, must of necessity have much to do with the application of remedies, either by a physician or a nurse, and this duty could only be observed by constant and unremitting care and attention, which is just as obligatory upon the nurse as is the duty of applying the remedy directed by the physician in charge. It is obvious from an examination of the record that the jury considered it their duty, under the charge of the court, to ignore all want of attention upon the part of the nurse, all continuous and subsequent observation and examination after she had applied the bottle, and we think that the language of the instructions would justify such a conclusion upon the part of the jury. There were instructions given relative to the degree of care which a nurse was required to exercise. These were in general terms, but when the court came to the concrete case of presenting to the jury the question of the care which the nurse should exercise, it sought to restrict that care and that attention to the moment of time when she was applying the remedy, and excluding all subsequent care and attention. We think this was clearly error and so prejudicial in its nature as to warrant a reversal of the judgment and of the order denying a new trial.

As we have before said, there are numerous specifications of error, but it is unnecessary, in our opinion, to notice the remainder, for the reason that upon a new trial it is not to be

apprehended that the same questions will again be presented.

Judgment and order are reversed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1913.