[S. F. No. 6960. Department Two.—July 26, 1916.]

A. E. MEYER and BESSIE MEYER, His Wife, Respondents, v. McNUTT HOSPITAL (a Corporation), Appellant.

NEGLIGENCE—PATIENT IN HOSPITAL—BURNING OF BODY BY HOT APPLICATIONS—EVIDENCE.—In an action against a hospital to recover for personal injuries to a patient alleged to have been caused through the negligence of defendant's employees in allowing the plaintiff's body to be burned by a hot-water bottle placed in her bed, after she had undergone a surgical operation and while she was unconscious from the effects of an anaesthetic, the evidence, although circumstantial, is sufficient to warrant the conclusion that the burns were inflicted while the patient was unconscious and under the exclusive care of the defendant's nurses.

ID.—CUSTOM OF HOSPITAL IN REGARD TO WARMING BEDS—EVIDENCE—CROSS-EXAMINATION.—In such action, a medical witness called by the defendant, who had testified that there was no necessity for making hot applications to the patient, was properly cross-examined for the purpose of showing that such applications, as matter of fact, were generally used; and the nurse in charge of the injured patient, after testifying that no such applications had been used, was properly cross-examined upon the custom of the hospital with reference to warming beds.

ID.—RES IPSA LOQUITUR—ACCIDENT TO UNCONSCIOUS PATIENT IN HOSPITAL.—The doctrine of *res ipsa loquitur* is applicable in such a case in determining the hospital's liability for negligence, and proof of the accident carried with it the presumption of negligence. This is so whether the liability be ascribed to the carelessness of experienced nurses or to the defendant's negligence in selecting nurses who were not competent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Maxwell McNutt, Joseph C. Meyerstein, and Asher, Meyerstein & McNutt, for Appellant.

Wilder Wight, and I. F. Chapman, for Respondents.

MELVIN, J.—Plaintiffs sued on account of injuries caused, as alleged, by the carelessness of defendant's employees in allowing Bessie Meyer to be badly burned upon the legs by a hot-water bottle while she was unconscious from the effects of an anaesthetic administered to her before a surgical operation was performed upon her. A. E. Meyer is the husband of Bessie Meyer. Judgment for $750 was given in favor of plaintiffs, and defendant appeals therefrom as well as from an order denying its motion for a new trial.

It appears from the evidence that Mrs. Meyer upon the advice of her physician went to the defendant's hospital. She was put to bed; subsequently was taken to the operating-room; was placed under an anaesthetic; was subjected to an operation; and did not regain consciousness until after she had been returned to her bed. Mrs. Meyer testified that there were no burns or injuries of any sort upon her legs

when she entered the hospital nor up to the time when she lost consciousness. When she regained her senses she suffered pain and complained to her nurse, who found blisters upon the patient's legs. The injuries were treated as burns usually are and yielded to the treatment. The surgeon who performed the operation testified that she was not burned while in his presence, and while there was no direct testimony to the effect that any servant of McNutt Hospital had applied hot-water bags or any other instrumentality to produce the injuries upon Mrs. Meyer, we think the jury was justified in determining from all of the circumstances that the burns were inflicted while the patient was unconscious and under the exclusive care of defendant's nurses. The nature of the injuries themselves tends strongly to support this conclusion. Areas of twenty-four square inches on one leg and fifteen on the other were affected, and it seems hardly possible that one could be so burned while conscious without realizing it. Negligence like almost any other fact may be established by circumstantial evidence. (29 Cyc. 622.) Miss Smith, a nurse, who had charge of Mrs. Meyer before and after the operation, testified that sometimes hot-water bags were put in the beds of patients before they were brought back from the operating-room. This testimony was given upon cross-examination over defendant's objection. Dr. Johansen, after like objection, testified that within his experience it was customary to have the bed warmed and that he had abundant experience. He said that a bed was usually warmed by using hot-water bottles. Defendant assigns as error the rulings of the court in admitting this testimony. In the examination of Dr. Johansen plaintiff was clearly entitled to cross-examine regarding custom, for the physician had testified, as a witness for the defendant, that unless a collapse occurred, there was no necessity for making hot or cold applications to the patient. The evident purpose of such testimony was to furnish counsel for defendant with the argument that as no reason for applying heat to Mrs. Meyer's body existed, probably no hot-water bottle was used. It was clearly competent, therefore, for plaintiff to prove by this hostile witness that in spite of the lack of *necessity* for hot applications, they were, as matter of fact, generally used. In the direct testimony of Miss Smith she had said that she put no hot-water bag or anything of the sort in Mrs. Meyer's bed. It

was proper for counsel to cross-examine her upon the custom of the hospital with reference to warming beds. Such questioning was allowable for the purpose of testing the probability of her statement that in this case no artificial heat had been applied to the patient.

The doctrine *res ipsa loquitur* is properly applied to the facts of this case. The patient was unconscious. Under its contract with her the defendant corporation owed her a duty of protection which was violated by the use of an instrumentality which produced the painful results which were made manifest when she came out from the influence of the anaesthetic. Proof of the accident carried with it the presumption of negligence. (*Judson* v. *Giant Powder Co.*, 107 Cal. 549–555, [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020] ; *Housel* v. *Pacific Electric Ry. Co.*, 167 Cal. 245, [Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105, 139 Pac. 73].) And this is the rule whether the liability be ascribed to the carelessness of experienced nurses or to defendant's negligence in selecting nurses who were not competent. That is the true rule as announced in *Adams* v. *University Hospital*, 122 Mo. App. 675, [99 S. W. 453], a case very like the one at bar.

No other assignments of alleged error require notice.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.