[S. F. No. 13963. In Bank.—August 29, 1932.]

LOUIS FRANKFIELD et al., Respondents, v. RAE FREI-BERGER, Appellant.

[S. F. No. 14276. In Bank.—August 29, 1932.]

RAE FREIBERGER, Appellant, v. LOUIS FRANK-FIELD et al., Respondents.

Rae Freiberger, *in pro. per.*, for Appellant.

Colbourn & De Avila for Respondents.

THE COURT.—The above-entitled actions arose out of a dispute over an agreement of sale of certain real property. Appellant Freiberger agreed to buy, and respondents agreed to sell, an apartment house for the sum of $16,500. The buyer was to pay $4,100 down and the payment of the balance was to be secured by two mortgages or deeds of trust. Appellant paid the said sum of $4,100 in escrow to Alameda County Title Insurance Company. Subsequently she demanded the return of the money from the escrow-holder, and served notice of rescission upon respondents, chiefly on the grounds of defective title and fraud. The demand was refused. Thereafter the respondents brought an action against the title company and the appellant for the $4,100 down payment and for specific performance. Appellant engaged counsel and the action was tried, the money being meanwhile paid into court. At the conclusion of the action the trial court announced its intention of giving judgment to the sellers. Before findings were prepared, however, Miss Freiberger's counsel submitted an offer of compromise. After considerable discussion, a settlement was reached, by the terms of which the Frankfields were to take the sum of $1500, and the balance of the money was to be returned to Miss Freiberger. This agreement was embodied in a stipulation which provided that upon payment of these sums the action might be dismissed. It was signed by the parties and their attorneys. Immediately thereafter the court made an order for the payment of the money in accordance with its terms, and this was done. A dismissal of the action was prepared and signed by the attorneys, but was not filed until some time later.

About nine months after the settlement, appellant Freiberger, having dismissed her counsel, filed a claim of lien against the property which was the subject of the agreement of sale. Respondents brought an action (the first of the above-entitled actions) to quiet title. Appellant, appearing *in propria persona,* filed an answer and counterclaim. Thereafter appellant brought an action against respondents (the second of the above-entitled actions) seeking affirma-

tive relief. These actions were tried and each was decided in favor of respondents. Appellant appealed from both judgments, and the appeals were consolidated.

■ The theory of appellant may be summarized as follows: The original agreement of sale was procured by fraudulent representations of the sellers and their title was defective; consequently appellant was entitled to rescind and did so; she then became entitled to the return of her down payment of $4,100; no final judgment was ever rendered against her·in the first action, and the purported compromise agreement was void because procured by fraud, duress and menace on the part of respondents, their attorneys, and her own attorney.

It is apparent that if the compromise agreement is valid, these appeals are determined by that fact alone. Appellant claims that she was threatened with harm if she refused to sign the stipulation, and that her own attorney told her he was working against her interest, and would use his influence with the judge to cause her injury. There is no evidence save the testimony of appellant herself to support these statements and all of the other witnesses testified to the contrary. Moreover, it is not denied that appellant, accompanied by the other parties and both attorneys, walked down to the courtroom where the judge made the order for payment of the money, and thereafter proceeded to the office of the county treasurer, where she personally secured the money.

The situation is, then, as follows: Appellant was about to lose $4,100 and costs as a result of an announced decision against her. Her attorney arranged a settlement for $1500. She signed the agreement, took the money and was apparently satisfied for a period of nine months.

From these facts it necessarily follows that the trial court was justified in making its finding that this agreement was freely and voluntarily entered into and carried out by all parties. This disposes of the appeals, and the judgments are therefore affirmed.

Rehearing denied.