[L. A. No. 15097.   In Bank.—July 1, 1935.]

WALTER G. TIMBRELL et al., Respondents, v. SUBUR-
    BAN HOSPITAL, INC. (a Corporation), et al., Appel-
    lants.

Kidd, Schell & Delamer for Appellants.

Hadsell, Sweet, Ingalls & Lamb, as *Amici Curiae* on Behalf of Appellants.

Arthur J. Speight and H. B. Cornell for Respondents.

THE COURT.—The plaintiffs, husband and wife, sued the defendant hospital and the defendant McGovern, a nurse, for injuries received by Mrs. Timbrell while she was a patient in the hospital following a Caesarian operation. Hot compresses and hot water bottles were applied to the body of the patient at a time when she was unconscious. Excessively hot applications resulted in serious third degree burns and later required a skin grafting operation. The jury returned a verdict in favor of the nurse and against the hospital. From a judgment on the verdict the hospital appeals.

The appellant propounds the following as the first question involved: "A verdict is expressly in favor of an employee

but is against the employer. Can it stand when the only possible liability is based on the doctrine of *respondeat superior?*" In other words, it is contended that the verdict in favor of Mrs. McGovern necessarily exonerated the hospital. Reliance is placed on the case of *Bradley* v. *Rosenthal,* 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171], and other cases to like effect.

The complaint charged the defendants specially named, and the agents, servants and employees of the hospital, with negligence in the treatment of the plaintiff patient with the appliances and equipment of the hospital. It was also alleged that the defendant McGovern was an agent and employee of the hospital in the treatment of the patient. In its answer the hospital denied that such relationship existed between itself and its codefendant, and alleged that Mrs. McGovern was a graduate and registered special nurse employed by the plaintiffs and acting in their behalf in the exercise of an independent calling. In her answer Mrs. McGovern denied that in the care of her patient she was guilty of any negligent act. The parties presented their respective claims on the theories advanced by their pleadings.

The defendant hospital corporation is operated for profit. The plaintiff wife was received as a pay patient early on the morning of October 3d. Her physician advised the hospital staff that her condition was such as to require special nurses. From a list of registered graduate nurses in its possession the hospital obtained the name of a Miss Lane and notified her that the case was at her disposal. She accepted and entered upon her duties as day nurse. Almost immediately thereafter the operation was performed and Miss Lane remained on duty until 7 o'clock P. M. of that day, except during two periods when she was relieved by nurses from the regular hospital staff. The first period was during the luncheon hour and the second about half-past 5 during the dinner hour. During that day hot water bottles were applied to the body of the patient. At 7 P. M. Mrs. McGovern came on duty. Her services were obtained in substantially the same way as Miss Lane's. On the doctor's orders Mrs. McGovern applied hot compresses to the kidney area of the patient's back, but applied no hot water bottle treatments. The attending physician testified that the burns inflicted upon

the patient could not be caused by the hot compresses as applied, and that the burns could occur from excessively hot water bottles.

The question stated by the hospital assumes that the jury found that Mrs. McGovern was an employee of the hospital, also that as such employee she was guilty of the negligence that caused the injury. But in aid of the verdict the assumptions must be to the contrary. At least it must be assumed that the jury found that Mrs. McGovern was not the nurse who applied the instrumentalities that caused the injury. In addition the jury could have found from the evidence that Mrs. McGovern was not an employee of the hospital but was either an independent agent or was the employee of the plaintiffs; and for the purposes of this appeal it may be assumed that the jury found in accordance with the defense of the hospital interposed on that theory.

It must then be assumed that the jury concluded that the injury occurred at the instance of the regular employees of the hospital who had charge of the patient when Miss Lane was not present. This implied finding of the jury would be justified and supported under the authority of *Meyer* v. *McNutt Hospital,* 173 Cal. 156 [159 Pac. 436], and *McBride* v. *Clara Barton Hospital,* 75 Cal. App. 161 [241 Pac. 941].

█  In this connection the defendant hospital charges error in the submission to the jury of a *res ipsa loquitur* instruction. On the theory of the case as tried by the plaintiff the doctrine is applicable. On the theory now advanced by the hospital the doctrine was likewise applicable. Under these circumstances the operation of the rule as approved in *Meyer* v. *McNutt Hospital, supra,* is justified. Its application therefore furnishes sufficient in the record for the finding of the jury in favor of the plaintiffs.

█  Since the jury in any event absolved the nurse McGovern from negligence the ruling of the court in sustaining an objection to the hospital's offer to prove the local custom of hospitals in the engagement of special nurses, even if erroneous (but see *McBride* v. *Clara Barton Hospital, supra*), could have resulted in no prejudice to the hospital.

For the same reason all questions of actual or ostensible authority of the attending physician to engage special nurses, and of ratification by the plaintiff husband of such engagements, are not pertinent to any question raised on this appeal.

▮ In its instructions the court assumed that the injuries were burns. An expert witness who had never seen the patient was permitted to testify. that the condition of the patient as described to him might have been a ''herpes condition''. The evidence as a whole overwhelmingly shows that the injuries were burns, and the evidence referred to as indicating some other condition was insufficient upon which to declare the instruction erroneous.

▮ The defendant hospital complains of certain instructions which it is claimed advised the jury that the hospital was an insurer regardless of negligence. Particular attention is called to an instruction that it was the duty of the hospital and its servants, agents and employees to exercise ''due and proper care'' in the preparation and use of hot instrumentalities to the body of the patient so as not to cause her injury. It is insisted that this instruction enabled the jury to conclude that the conduct of the hospital must approximate perfection and was therefore erroneous under the authority of *Hesler* v. *California Hospital Co.*, 178 Cal. 764 [174 Pac. 654], wherein it was sought to hold the hospital for damages because of the alleged malpractice of one of the physicians employed by the hospital. The standard of conduct required of a physician was obviously not correctly stated to the jury in that case and the ruling therein does not justify a reversal in this case. Here the court, repeatedly and correctly in its lengthy instructions, advised the jury that the plaintiffs must prove their case by a preponderance of the evidence; that the defendant hospital was not responsible for the negligence, if any, of third parties, and was responsible only in the event that some one or more of its agents, servants or employees was or were guilty of negligence proximately causing the injury to the plaintiff wife; and negligence was fully defined. Considered·in the light of the court's entire charge it cannot be said that the jury was misled or confused by any of the instructions complained of.

▮ The effect of the instructions given also answers the contention of the hospital that the court erred in refusing an instruction to the effect that the doctrine of *res ipsa loquitur* does not operate to shift the burden of proof. The jury was nowhere told that it did shift that burden. Assuming that the instruction might well have been given, it is

difficult to conclude how its refusal would have affected the result.

Other points need not be discussed.

The judgment is affirmed.

Rehearing denied.