[Civ. No. 10511.   Second Appellate District, Division Two.—November 4, 1935.]

ODA J. GANTENBEIN, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Clarence P. Wallick and Robert E. Krause for Appellant.

George W. Trammell, Jr., City Attorney, Harlan V. Boyer, Assistant City Attorney, and Henry D. Lawrence and Walhfred Jacobson, Deputies City Attorney, for Respondents.

GOULD, J., *pro tem.*—Petitioner held a rating as a permanent employee in the classified civil service of the City of Long Beach as a cement finisher, his appointment having been duly certified in 1933 pursuant to the provisions of the Long Beach city charter. Compensation for the position was fixed by salary ordinance of said city at $4.80 per day. On March 5, 1934, petitioner was laid off from work for lack of funds, and thereafter on March 16, 1934, another man, without civil service status, was employed to do petitioner's work, in alleged violation of the charter and civil service rules and regulations of said city. Petitioner was never removed from his position nor was the position ever abolished.

All these matters are recited as facts in the application for alternative writ of mandate filed herein in the superior court

by petitioner, whereby he asks that respondent city and its officers be commanded to make out the necessary vouchers and papers therefor and to pay him the sum of $811.20 (being the amount of compensation he would have received had he been employed during the period when the noncivil service substitute worked)., and that said municipality and its officers reinstate petitioner in his position as cement finisher and otherwise perform all the duties and obligations imposed upon them by law with relation thereto. Respondents' general and special demurrer to the petition was sustained without leave to amend and petitioner appeals.

Most of the points involved in this case have been determined by the Supreme Court of this state in two cases, *Rodgers* v. *Board of Public Works*, 208 Cal. 291 [281 Pac. 64], and *Powers* v. *Board of Public Works*, 216 Cal. 546 [15 Pac. (2d) 156], involving similar situations under the charter and civil service rules of the city and county of San Francisco. In the latter case the court says: "The evidence clearly shows that each of respondents, by reason of six months continuous work as a painter, had acquired the status of a permanent employee within the meaning of the city charter. . . . As such permanent employees they are entitled, in proper order, to be employed as painters whenever there is painting work to be done and money is available for such work, and can be removed from the civil service list only for cause or by the abolishment of their positions." Judgment in favor of the employees compelling the payment of compensation for periods when other painters were employed in positions to which they were entitled was affirmed. Similarly in the Rodgers case affirmance was given to the trial court's judgment ordering the board of public works to pay the permanent employee $289.75 "lost wages" for a period when, although he did not work, he was ready, able and willing to work and was entitled as a permanent civil service employee to do work which was given to another not entitled to such position.

We have the same situation here, as disclosed by the petition for writ of mandate, and for the purposes of demurrer the allegations of the petition must be deemed to be true. Petitioner recites his status as a permanent employee, his rating as a "Class A" cement finisher, his salary basis, the duration of his employment, the date and period

of his "layoff", the employment of a noncivil service man to do his work, petitioner's readiness at all times to do such work and his repeated applications to the municipal officers for work. The alleged infringements of civil service regulations are set out with particularity, and there are proper allegations as to the demand for reinstatement and for the payment of the alleged "lost wages", together with an assertion that funds were and are available for payment of his demand.

■ Respondents urge that petitioner may not maintain this action for writ of mandate because he has a plain, speedy and adequate remedy at law by bringing a direct action against the City of Long Beach for the wages claimed. It is to be noted, however, that he is asking not only for the wages but, as a prerequisite to that end and following the provisions of the Long Beach city charter, he is asking that certain municipal officers certify the necessary payrolls, vouchers and warrants. He is also asking that he be reinstated to his position as permanent employee. Whatever force there may be in respondents' contention that *mandamus* is not the proper proceeding here, we feel that the question has been determined adversely to them by the Supreme Court's approval of the almost identical Rodgers and Powers cases, *supra,* in each of which the dissatisfied employee proceeded by mandate.

■ In the brief on appeal respondents claim the salary ordinance of the City of Long Beach was improperly pleaded by petitioner, in that it was simply referred to as "the Salary Ordinance". The point is good (sec. 459, Code Civ. Proc.), although it was not raised in the specifications of the special demurrer. Permission should be granted to file an amendment with the proper pleading.

■ The Long Beach city charter (Stats. 1921, p. 2054, and amendments thereto) provides in section 338 that "all claims for damages against the City of Long Beach must be presented to the city council, and filed with the city clerk, within six months after the occurrence for which the damages arose". Respondents argue that the wage demand involved herein is a claim for damages within the meaning of this charter section, and that therefore, no compliance having been made with the charter provision, no action can be maintained. Clearly, however, the charter in question contemplates no such procedure as that outlined in section 338 for

wage claims. Other sections, such as numbers 57, 110 and 136, lay down a system of rules and procedure for payment of wages and salaries and approval of demands therefor, and we believe such provisions control in this case. It is to compel the municipal officers to comply with such provisions that this action is brought.

Holding, as we have indicated, that petitioner has stated facts entitling him to be heard and that he has proceeded by the proper remedy, we are of the opinion that the demurrer should have been overruled.

Judgment reversed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1935, and the following opinion then rendered thereon:

THE COURT.—In a petition for rehearing herein respondents stress the point that appellant is not entitled to a reversal because there is no showing that after the demurrer was sustained without leave to amend appellant asked permission to amend. The demurrer was good on at least one ground, they point out, to wit, that a city ordinance was improperly pleaded, and therefore the order of the lower court sustaining the demurrer without leave to amend should be sustained in the absence of a showing that appellant requested leave to amend.

The rule is somewhat broader than respondents indicate. As stated in *Philbrook* v. *Randall*, 195 Cal. 95 [231 Pac. 739], " . . . appellant is not entitled to a reversal on the ground that he was deprived of an opportunity to amend in the absence of a showing that he asked permission to amend, that he desired to amend, *or that he could have amended*". Plainly in this case appellant could readily have amended his complaint to correctly plead the ordinance. Moreover, the ordinance in question was only incidentally referred to, and, as pointed out in the original opinion herein, the question of the improper pleading of the ordinance was not even raised in respondents' special demurrer to the petition.

Rehearing denied.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.