[Crim. No. 2783.  Second Appellate District, Division Two.—December 5, 1935.]

THE PEOPLE, Respondent, v. HENRY GUTTMANN, Appellant.

Charles R. Morfoot, John L. Fleming and Harry Sutton for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.* — Defendant was indicted by a grand jury upon eight separate counts, each charging grand theft. The trial jury returned verdicts of guilty as to two counts, not guilty as to three, and as to the remaining three counts failed to agree. This appeal is prosecuted from the order denying motion for new trial and from the judgment of conviction pronounced by the court upon the two counts as to which the jury found defendant guilty.

Appellant urges reversal upon the ground that the trial court committed error in refusing to advise the jury to acquit, and also committed error in denying his motion for new trial. Both these points relate to the evidence produced at the trial. While appellant claimed that the very large amounts of securities placed in his hands by the complaining witness were gifts, the testimony of the complaining witness was otherwise. The latter's testimony may have been evasive and contradictory, as appellant claims, but there is ample substantial evidence to sustain the verdict of the jury and to uphold the trial court in its refusal to direct a verdict of acquittal and also in its denial of the motion for a new trial. It is not our province to interfere where substantial evidence appears in the record to sustain the trial court.

Assignment of error is also predicated upon the admission in evidence of certain letters written by defendant to a woman in New York. It is argued that the jury might have inferred from the letters that appellant was guilty of a violation of the Mann Act, a separate and distinct offense from that for which he was on trial, and that therefore the introduction of the letters was manifestly improper and reversible error, as tending to degrade and prejudice appellant in the minds of the jurors. This evidence was introduced to show the intent of appellant; and while the letters contained much immaterial matter and might possibly have suggested to the jury that appellant had been guilty of other improper acts, the

situation was completely clarified by the court's appropriate admonition that the letters were received solely for the purpose of showing motive or intent in the mind of the defendant with reference to his transactions with the complaining witness, and that no inference was to be drawn therefrom respecting a violation of the Mann Act, or that the person to whom the letters were addressed was brought to Los Angeles "for anything other than a lawful purpose". Motive being an element of the crime charged, testimony showing motive was admissible, even though it might establish the commission of other offenses (*People* v. *Cornell*, 29 Cal. App. 430 [155 Pac. 1026]) ; and in any event appellant's rights were completely safeguarded by the court's timely admonition.

Judgment and order affirmed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 17, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.