[L. A. No. 17743.   In Bank.—June 17, 1941.]

ANDREW E. GUILLIAMS, Appellant, v. HOLLYWOOD HOSPITAL (a Corporation), Respondent.

98

Morris Lavine for Appellant.

Fred O. Reed and Richard L. Kirtland for Respondents.

GIBSON, C. J.—This is an appeal from a judgment of the Superior Court of Los Angeles County entered after sustaining a general and special demurrer without leave to amend.

The second amended complaint charged Hollywood Hospital, and certain doctors, attendants and nurses, with negli-

gent acts and omissions causing plaintiff physical injury and suffering. It contained two counts, the first directed against the hospital and all other defendants, and the second more particularly against the doctors. A general and special demurrer was filed on behalf of defendant Hollywood Hospital, and was sustained without leave to amend. Applications by plaintiff for leave to file a third and a fourth amended complaint were denied. This appeal was taken from the judgment entered in favor of the defendant hospital.

The complaint alleges that, upon the advice of a physician, plaintiff entered the hospital for a kidney operation, and that the hospital "undertook to prepare plaintiff for said operation and to care for him and attend him during said operation and thereafter as long as he might need such care and attendance and to render to him special care during all of said time in a skillful, careful and efficient manner and by the use of proper and suitable means . . . " It was further alleged that the doctors performed the kidney operation, and that thereafter plaintiff remained in the hospital for about six weeks, "during all of which time, beginning with his entrance to the hospital for said operation, he was under the care and control and attendance of said hospital" and of the other defendants.

The foregoing allegations sufficiently state the legal duty of care assumed by defendant hospital, and thus satisfy the first essential element of a cause of action for negligent injuries. Under this pleading, plaintiff could establish a duty of care under the general law, on the part of a hospital toward its patient (see Rest., Torts, sec. 320; *Silva* v. *Providence Hospital of Oakland,* 14 Cal. (2d) 762 [97 Pac. (2d) 798]; *Timbrell* v. *Suburban Hosp., Inc.,* 4 Cal. (2d) 68, 72 [47 Pac. (2d) 737]; *Inderbitzen* v. *Lane Hospital,* 124 Cal. App. 462 [12 Pac. (2d) 744, 13 Pac. (2d) 905]; *Meyer* v. *McNutt Hospital,* 173 Cal. 156, 159 [159 Pac. 436]; *Williams* v. *Pomona Valley Hosp. Assn.,* 21 Cal. App. 359 [131 Pac. 888]; *Maki* v. *Murray Hospital,* 91 Mont. 251 [7 Pac. (2d) 228]; *Stuart Circle Hosp. Corp.* v. *Curry,* 173 Va. 136 [3 S. E. (2d) 153, 124 A. L. R. 176]); or he could offer proof of an obligation arising by virtue of a special contract or undertaking. (See *Criss* v. *Angelus Hosp. Assn.,* 13 Cal. App. (2d) 412, 421 [56 Pac. (2d) 1274]; *Jenkins* v.

*Charleston General Hospital & T. School,* 90 W. Va. 230 [110 S. E. 560, 22 A. L. R. 323]; Clark, Code Pleading, p. 176.)

The plaintiff next alleges that while he was in the hospital under the care and control of the defendants, "through the negligence, recklessness and want of ordinary care on the part of said hospital, conjoined with the negligence, recklessness and want of care on the part of each of said other defendants herein, one of plaintiff's ribs on his left side, to-wit, his second floater rib, was broken . . . "; and that "plaintiff does not know whether his said rib was broken before, or during or after said operation was performed, as aforesaid, but alleges the fact to be that his said rib was not broken before he entered said hospital . . . and that it was broken at some time after he so entered said hospital and while he was so under the care, attendance and control of said defendants . . . and through the negligence, recklessness and want of care on the part of said defendants and each of them . . . " It is also alleged in this paragraph that "said defendants and each of them wholly omitted and failed to render, and they did not render this plaintiff any care or treatment for said broken rib for a period of about six weeks after said operation, and that none of said defendants became aware of the fact that plaintiff's said rib had been broken, or being aware of said fact, negligently, recklessly and wantonly and designedly failed and refused to render to plaintiff any care or treatment for said broken rib; that by the exercise of ordinary, or any care or skill in the care and attendance upon said plaintiff . . . said defendants and each of them would have become aware and would have known that plaintiff's rib had been broken as aforesaid." Plaintiff further alleges, in a later paragraph, that "the defendants and each of them, so negligently, carelessly and unskillfully attended the plaintiff prior to and during the said operation that the plaintiff's said rib was broken as an immediate and proximate result of the aforesaid negligence and carelessness; that after said operation the defendants and each of them carelessly and negligently failed and neglected to properly attend to and treat said rib which was so broken during the course of the operation as aforesaid."

A general and special demurrer was interposed by the defendant hospital upon the theory that the complaint

was fatally uncertain because it failed to specify the manner in which plaintiff's rib was broken or the acts of the defendant which were responsible for the injury. This contention is without merit so far as the general demurrer is concerned, for it is established that a cause of action may be stated in which negligence is alleged in general terms, without detailing the specific manner in which the injury occurred. (See *Abos* v. *Martyn,* 31 Cal. App. (2d) 705 [88 Pac. (2d) 797] ; *Dunn* v. *Dufficy,* 194 Cal. 383 [228 Pac. 1029] ; *Roberts* v. *Griffith Co.,* 100 Cal. App. 456 [280 Pac. 199] ; *Latky* v. *Wolfe,* 85 Cal. App. 332 [259 Pac. 470] ; *Carnahan* v. *Motor Transit Co.,* 65 Cal. App. 402, 408 [224 Pac. 143] ; *Timbrell* v. *Suburban Hosp., Inc., supra; Meyer* v. *McNutt Hospital, supra; Williams* v. *Pomona Valley Hosp. Assn., supra; Frisvold* v. *Leahy,* 15 Cal. App. (2d) 752, 756 [60 Pac. (2d) 151] ; *Armstrong* v. *Wallace,* 8 Cal. App. (2d) 429 [47 Pac. (2d) 740] ; *Ales* v. *Ryan,* 8 Cal. (2d) 82 [64 Pac. (2d) 409] ; 16 Cal. L. Rev. 151; Clark, Code Pleading, p. 206.) There are, of course, limits to the generality with which a plaintiff is permitted to state his cause of action, and it is ordinarily said that while negligence may be pleaded in general terms, the plaintiff must indicate the acts or omissions which are said to have been negligently performed. He may not recover upon the bare statement that the defendant's negligence has caused him injury. Defendant contends that the complaint in the present case fails to state a cause of action because plaintiff has not specified any acts or omissions, but has attempted to state merely that he was injured by defendant's negligence. This, it is said, exceeds the permissible limits of generality.

It should be recognized, however, that the particularity with which a plaintiff must state his cause of action depends to some extent upon the circumstances and the situation of the parties. Even under the strict rules of common law pleading this principle was recognized. As the court said in *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143, at page 147 : "In adopting what is known as the code system of pleading, courts . . . have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting such negligence. This modification . . . grows out of a fundamental rule in common-law pleading, to the effect that 'no greater particularity

is required than the nature of the thing pleaded will conveniently admit.' (Stephens' Pleading, * 367.) Supported by that other rule that 'less particularity is required when the facts lie more in the knowledge of the opposite party.' (Stephens' Pleading, * 370.)'' The court further pointed out that the plaintiff frequently may know only the general cause of the injury and may be entirely ignorant as to the specific acts or omissions which led up to it. (See, also, *Goldstein* v. *Healy*, 187 Cal. 206, 212 [201 Pac. 462]; 28 Cal. L. Rev. 235; Bliss, Code Pleading [3d, 1894], pp. 453, et seq.) ▉ Under these principles, the complaint in the present case cannot be held fatally defective. Plaintiff has alleged that defendant so negligently and carelessly attended to him prior to and during the operation that his rib was broken. It is further alleged that defendant failed to discover the broken rib, which should have been discovered in the exercise of ordinary skill in attending plaintiff after the operation, or that, having discovered it, defendant negligently failed to render plaintiff any care or treatment for the broken rib. While this language is very general indeed, it sets forth acts and omissions on the part of defendant hospital and classifies both as negligent in character. Either type of negligent conduct is sufficient to support plaintiff's cause of action (Rest., Torts, sec. 320; see, also, *Criss* v. *Angelus Hospital Assn.*, *supra; Jenkins* v. *Charleston General Hospital & T. School*, *supra; Timbrell* v. *Suburban Hosp., Inc.*, *supra; Meyer* v. *McNutt Hospital*, *supra; Williams* v. *Pomona Valley Hosp. Assn.*, *supra*), and plaintiff has set forth ''what was done'' with as much particularity as he can, considering the nature of his cause of action and his condition when the injury is alleged to have occurred. ▉ So far as the rules of pleading are concerned, there is no requirement that he identify and allege the precise moment of the injury, or the exact nature of the wrongful act. These are matters of evidence, and in situations where an instrumentality under defendant's control causes the injury, plaintiff may be aided in the trial by the doctrine of *res ipsa loquitur*, which requires the defendant to come forward with an explanation. As plaintiff suggests, the evidence may show that the attendants dropped him off the carriage while moving him from the operating room, or that they were insufficient in number or inadequately trained to do their work, or that they used defective apparatus fur-

nished by the hospital, or that they ignored his complaints. We mention these matters, however, solely for the purpose of clarifying the distinction between the requirements of pleading and of proof. The particularity of the evidence required to sustain his cause of action at the trial is immaterial here. The sufficiency of the pleading, the only question before us, is established by the authorities cited above.

■ The complaint, in a number of subsequent paragraphs, alleges that as an immediate and proximate result of the concurrent acts of negligence of the defendants, plaintiff suffered pain, loss of health and delayed recuperation, and was thereby damaged in the sum of $25,000. The allegations of proximate cause are in the usual form, and are sufficient.

■ There remain two contentions of defendant which require only brief mention. The first is that the allegations concerning negligent failure to discover or wilful failure to render care and treatment cannot state a cause of action for the reason that the discovery and treatment would constitute the practice of medicine by a corporation in violation of the statute. The allegations of the complaint cannot be construed as setting forth an agreement whereby the hospital, as a corporation, undertook for a fee to furnish medical diagnosis and treatment. The complaint charges only what is common practice, that the hospital agreed to care for the patient in the usual manner, that is, to furnish him with accommodations and to maintain such attendants, including nurses and internes, as would assure him proper care and attention before, during and after the operation. Under such circumstances it cannot be said that the hospital is practicing medicine in violation of law.

■ The other contention of defendant is that the complaint fails to allege that the servants of the hospital acted in the scope of their employment. If plaintiff had alleged a specific negligent act by a particular employee as a foundation of his cause of action against the hospital employer, such an allegation as to scope of employment might be necessary. But the duty of care alleged herein is that of the defendant corporation, and the defendant may be liable for failure to perform its obligations, regardless of whether any of its servants were guilty of any particular negligent acts. Thus, the hospital would be liable if, after its undertaking,

it simply failed to furnish nurses, suitable quarters or proper equipment.

In view of our conclusion that ·the complaint is good against the general demurrer, we deem it unnecessary to consider whether the lower court would have been justified in sustaining the demurrer upon any of the grounds of uncertainty raised by defendant. The general order of the court does not indicate that it was based upon the special demurrer and the parties have stressed only the question whether a cause of action was stated. If, as we hold, the complaint is sufficient against a general demurrer, it may still lie within the discretion of the trial court to require the clarification of uncertainties or ambiguities, or to insist that alternative allegations be restated as direct allegations in separate counts. The proffered fourth amended complaint suggests that plaintiff himself believed that improvement in the statements might be made. Hence we do not decide that the trial court was without authority to sustain the special demurrer. But it was a manifest abuse of discretion to sustain the special demurrer without leave to amend where, as clearly appears herein, the plaintiff can amend his pleading so as to state a proper cause of action. (See *Starr* v. *Slaney*, 11 Cal. App. (2d) 311, 314 [53 Pac. (2d) 395]; *Payne* v. *Baehr*, 153 Cal. 441, 447, 448 [95 Pac. 895]; *Gantenbein* v. *City of Long Beach*, 9 Cal. App. (2d) 726, 730 [51 Pac. (2d) 124, 52 Pac. (2d) 495]; 24 Cal. L. Rev. 604.)

The judgment is reversed.

Curtis, J., Shenk, J., Traynor, J., and Carter, J., concurred.